UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-104-RLV
(5:13-cr-79-RLV-1)

| | | |
|---|---|---|
| **KEITH DESHON ADAMS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon Respondent's motion to stay this action and hold it in abeyance. (Doc. 4.) Petitioner is represented by the Federal Defenders of Western North Carolina.

On April 23, 2014, Petitioner pled guilty to Possession of a Firearm by a Convicted Felon, 18 U.S.C. § 922(g)(1), and Distribute and Possess with Intent to Distribute Heroin, 21 U.S.C. § 841(a)(1). The presentence investigative report found that Petitioner had one prior conviction that triggered an enhancement to his base offense level under United States Sentencing Guidelines § 2K2.1(a)(4)(A): a 2011 North Carolina conviction for speed to elude arrest with a motor vehicle. On April 6, 2015, the Court imposed an enhanced sentence of 110 months' imprisonment. (Motion to Vacate 1-2, Doc. No. 1.)

On June 15, 2016, Petitioner commenced this action by filing a motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Petitioner challenges the Court's application of U.S.S.G. § 2K2.1(a)(4)(A) when determining his advisory guideline range. That provision applies to a defendant who committed his offense "subsequent to sustaining one felony conviction of either a

1

crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). Petitioner contends that his North Carolina conviction for speeding to elude arrest with a motor vehicle is no longer a "crime of violence" under the Guidelines in the light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

On August 1, 2016, Respondent filed the instant motion to stay and hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544. (Doc. No. 4.) According to Respondent, Beckles presents three questions that are relevant to, or dispositive of, Petitioner's Motion: (1) whether Johnson's constitutional holding applies to the residual clause of the definition of "crime of violence" in the career-offender guideline; (2) if so, whether Johnson's invalidation of the residual clause of the career-offender guideline applies retroactively on collateral review; and (3) whether possession of a sawed-off shotgun, an offense listed as a "crime of violence" in the commentary of the career-offender guideline, remains a crime of violence after Johnson.

Respondent states that counsel for Petitioner consents to the motion to stay. For the reasons stated by Respondent, and without objection from Petitioner, the Court concludes that the motion should be granted.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to stay (Doc. No. 4) is **GRANTED.** This matter is held in abeyance pending the Supreme Court's decision in Beckles. Thereafter, Respondent shall have 60 days from the date the Supreme Court decides Beckles to file a response to Petitioner's § 2255 motion to vacate.

Signed: October 7, 2016

Richard L. Voorhees
United States District Judge